Gary B. Isbell, Chairman Supreme Court of Arkansas Committee on Professional Conduct 509 E. Main Mountain Home, AR 72653
Dear Mr. Isbell:
This is in response to Executive Secretary James A. Neal's request for an opinion on the following question:
 Is the Arkansas Supreme Court Committee on Professional Conduct subject to the requirements of the Arkansas Freedom of Information Act?
In his correspondence, Mr. Neal enclosed a copy of the "Rules of the Court Regulating Professional Conduct of Attorneys at Law", ("the Rules") and noted that the confidentiality provisions are set forth in Rule 5 (B)(5).
It should be noted that this office has previously issued an opinion on this topic. In Opinion No. 84-91, a copy of which is enclosed, it was concluded, after recognizing that the Committee is supported by public funds, that the Committee is subject to the FOIA. It should be noted, however, that it has been stated that Opinion No. 84-91 does not address "the applicability of the FOIA beyond hearings that take place in `open court. . .'" Watkins, Open Meetings under the Arkansas Freedom of Information Act, 38 Ark. L. Rev. 268 (1984), at 284. Indeed, Opinion No. 84-91 does point out that, at least in some instances, the Rules of the Supreme Court themselves provide for public hearings. It also points out that the confidentiality requirements of the Rules as regards files and other written material are consistent with the FOIA. See Opinion No. 84-91, at p. 3.
What that opinion does not address is to what extent the FOIA is applicable to the Committee when the Rules of the Committee regarding confidentiality actually do conflict with the requirements of the FOIA. One example would be a letter of warning sent to an attorney by the Committee. The Rules provide that these types of letters are not considered disciplinary and shall be kept confidential. Rule 5(B)(2). It appears, however, that this type of letter would fall within the definition of a "public record" as defined in the FOIA. Additionally, the Rules provide that "[e]xcept for the public hearings and filings specified in these Rules, the Executive Secretary and members of the Committee shall keep confidential the activities and files of the Committee. . . ." Rule 5(B)(5). It appears that this language requiring confidentiality would leave some room for conflict with the provisions of the FOIA. It is these potential conflicts that we will now attempt to address as an addendum to our previous opinion.
For the reasons that follow, it is my opinion that to the extent the Rules of the Supreme Court on this topic provide for confidentiality, those matters which are granted confidentiality under the Rules are also, by the existence of those rules, excepted by the provisions of the FOIA.
The Arkansas Freedom of Information Act, codified at A.C.A.25-19-101 et seq. requires public access to "public records" and "public meetings". We will analyze each requirement separately.
The act provides that:
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State. . . .
A.C.A. 25-19-105 (Supp. 1989).
The term "public records" is defined as "writings, recorded sounds, films, tapes, or date compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds." All records maintained in public offices are presumed to be public records.
A.C.A. 25-19-103(1).
The act, however, also makes certain exceptions to the requirement that access be given to public records. One of the exceptions is found at A.C.A. 25-19-105 (b)(8) (Supp. 1989), and it excepts "[d]ocuments which are protected from disclosure by order or rule of court". To the extent that the "Rules of the Court Regulating the Professional Conduct of Attorneys at Law" provide for confidentiality of certain documents which would otherwise be characterized as "public records" under the "FOIA", these documents are exempted from the FOIA under 25-19-105 (b)(8). They are protected by rule of court.
We must next analyze the question of whether the meetings conducted by the Committee on Professional Conduct are subject to the "open meeting" requirement of the FOIA. The act in this regard provides at 25-19-106(a):
 Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts, and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings. [Emphasis added.]
As can be seen by the statute above, meetings are to be public unless otherwise specifically provided by law. To the extent the Supreme Court Rules provide for confidentiality of some meetings conducted pursuant to them, the confidentiality of these meetings is "otherwise specifically provided by law". The Supreme Court is clearly granted the authority to make rules regulating the practice of law and the professional conduct of attorneys. See Arkansas Constitution, Amendment 28. Rules promulgated pursuant to the authority granted in that amendment are, in my opinion, "law". The existence of constitutionally granted authority in this instance is, in my opinion, significant. If an act of the legislature, (in this case the FOIA) were to supersede a rule of the Supreme Court enacted pursuant to constitutional authority, a violation of the "separation of powers" doctrine would likely occur. See Arkansas Constitution, Art. 4 2.
Additionally, the Rules themselves provide at Rule 22 as follows:
 These Rules shall not be deemed exclusive of, but as supplemental to the statutes of the State of Arkansas not in conflict herewith. To the extent that prior statutes are in conflict with these Rules, they are hereby superseded.
The Rules do provide for some public hearings concerning the disciplining of attorneys, and provide for certain documents relating to the investigations and findings of the Committee to be made public. It appears that in some instances, however, the confidentiality requirements of the Rules conflict with the requirements of the FOIA. It is my opinion, in light of the statutes and Rules discussed above, that to the extent the Rules conflict with the FOIA, the Rules govern and these matters are therefore excepted under the provisions of the FOIA. The FOIA is not actually superseded because, by its own provisions, it excepts documents protected by rule of court and meetings which are "otherwise specifically provided by law" to be kept confidential.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.